UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


EARL CARTWRIGHT #109837,

    Plaintiff,

v.                                          3:05-cv-167

QUENTON WHITE, STEVE CANTRELL,
FAYE JEFFERS, and JACK MORGAN,

    Defendants.


## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

    Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and an inmate at the Morgan County Correctional Complex (MCCC). The defendants are TDOC

Commissioner Quenton White, MCCC Warden Jack Morgan, Acting Hospital Administrator Faye Jeffers, and Unit Manager Steve Cantrell. Plaintiff alleges that he was denied due process during disciplinary proceedings which resulted in the loss of good time credits and other privileges. According to plaintiff, he received a write-up after testing positive for THC on a drug screen. He alleges he was on medication at the time following a tooth extraction, but that defendant Cantrell failed to alert the testing lab to that fact. Defendant Jeffers allegedly testified at the disciplinary hearing that there were no medications that would cause a false positive reading for THC. On appeal, defendants Morgan and White upheld the disciplinary board's finding of guilt.

Plaintiff's claim that he was denied due process in his prison disciplinary proceedings would implicate the validity of his disciplinary conviction and resulting sanctions, and thus is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Moreover, plaintiff's loss of privileges does not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and therefore fails to state a claim for relief under § 1983. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an

2

Case 3:05-cv-00167   Document 4   Filed 04/27/05   Page 2 of 4   PageID #: 2

arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $250.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of one hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the

Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

                              *s/ James H. Jarvis*
                            UNITED STATES DISTRICT JUDGE